# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION
Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

PENNSYLVANIA — Allentown, Doylestown, Erie, Harrisburg, King of Prussia, Philadelphia, Pittsburgh, Scranton
NEW JERSEY — Cherry Hill, Roseland
DELAWARE — Wilmington
OHIO — Cincinnati, Cleveland
FLORIDA — Ft. Lauderdale, Jacksonville, Orlando, Tampa
NEW YORK — Long Island, New York City, Westchester

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

August 11, 2015

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re: <u>Martin v. Midland Credit Management, Inc. et al.</u>, No. 2:15-cv-04560-JFB-ARL
> **Request for Pre-Motion Conference**

Dear Judge Bianco:

I represent Defendants Midland Credit Management, Inc. ("Midland Credit"), Midland Funding, LLC ("Midland Funding") and Encore Capital Group, Inc. ("Encore") (collectively, "Midland") in this putative class action. Midland respectfully requests a pre-motion conference pursuant to Rule III (A) of Your Honor's Motion Practice and Rules.

Midland seeks leave to file a Motion to Dismiss Plaintiff's Complaint for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406. Midland also seeks to disqualify opposing counsel on the grounds that Midland is a former client of opposing counsel and opposing counsel is now employing information gained in the course of representation of Midland against it in an improper and damaging fashion.

Plaintiff asserts claims under 15 U.S.C. § 1692a *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Namely, Plaintiff alleges that MCM sent her an initial collection letter that failed to effectively communicate her rights under 15 U.S.C. § 1692g, commonly known as the validation rights. See Docket 1-1, ¶¶ 20-22. Plaintiff alleges that the other Midland defendants are vicariously liable for the acts of MCM (Docket 1-1 at ¶¶ 14, 19) and asserts that the letter as issue also violates New York General Business Law § 349, which bars deceptive business practices. Midland vigorously denies these allegations and believes the claims lack any merit.

## Lack of Venue

Plaintiff improperly designated venue Suffolk County under N.Y. C.P.L.R. § 509 (Docket 1-1 at ¶ 4), as none of the parties reside there. New York law provides that "the place of trial shall be in the county in which one of the parties resided when [the action] was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff." N.Y. C.P.L.R. 503(a). Section 509, cited by Plaintiff, provides that "[n]otwithstanding any provision of this article, the place of trial of an action shall be in the county designated by the plaintiff, unless the place of trial is changed to another county by order upon motion." Section 509, however, "merely sets forth a rule that where a plaintiff designates venue, otherwise improper under CPLR 503, and no one moves for, or consents to, a change of venue, any judgment entered is not jurisdictionally defective." Anderson v. Ungar, N.Y.S.2d 310, 311 (N.Y. App. Div. 1999). Thus, N.Y. C.P.L.R. § 509 is not intended an independent basis for venue.

Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) require the dismissal, or transfer in the interest of justice, of a claim where venue is lacking. The choice of dismissal or transfer is at the discretion of the district court. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2nd Cir. 1993). "Plaintiff bears the burden of establishing that venue is properly laid in the district in which the complaint was filed." Universal Marine Medical Supply, Inc. v. Lovecchio, 8 F.Supp.2d 214, 219 (E.D.N.Y. 1998).

Plaintiff filed suit in The Supreme Court of the State of New York, County of Suffolk, although Plaintiff resides in Cheektowaga, New York. Docket 1-1 at ¶ 5. Cheektowaga is located in Erie County, New York, which in turn is located in the jurisdiction of the United States District Court for the Western District of New York. The Midland defendants have principal places of business in San Diego, California. Id. at ¶¶ 7, 11, & 15. Further, Midland Credit is organized under the laws of Kansas; both Midland Funding and Encore are organized under the laws of Delaware. Docket 1-1 at ¶ 15 (as to Encore). Therefore, none of the parties to this action resided in Suffolk County or the Eastern District of New York at the commencement of the action.

The only apparent connection of this case with Suffolk County is the location of Plaintiff's counsel's office, which is located at 775 Park Avenue, Huntington, NY 11743. Docket No. 1-1 at page 6. Selecting a venue based on the location of the office of Plaintiff's attorney is improper. Thomas v. Burrus, N.Y.S.2d 412, 413 (N.Y. App. Div. 2009). As such, Midland respectfully requests seeks leave of the Court to move for dismissal or, in the alternative, to transfer venue to the Western District of New York.

## Disqualification of Opposing Counsel

Midland also seeks to disqualify opposing counsel from representing Plaintiff in this matter. Opposing counsel was employed as an attorney by Cohen & Slamowitz, n/k/a Selip & Stylianou (S&S) from June 2011 until his termination in January 2014. Midland

employed S&S to perform collection activities as well as provide recommendations regarding compliance with applicable laws such as the FDCPA.

As S&S, opposing counsel held the positions of Assistant Managing Attorney and Managing Attorney. In the course of his duties, he represented Midland or directed attorneys representing Midland in hundreds of cases involving the collection of consumer debt. Further, opposing counsel was privy to privileged communications with Midland's legal department regarding litigation and settlement strategies, including strategies regarding the defense and settlement of consumer litigation brought under the FDCPA.

Under Second Circuit caselaw, disqualification is required when:

(1) the moving party is a former client of the adverse party's counsel;

(2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and

(3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his or her prior representation of the client.

Hempstead Video, Inc. v. Incorporated Vill. Of Valley Stream, 409 F.3d 127, 133 (2d Cir. 2005).

As Midland is a former client of opposing counsel, the subject matter at issue is substantially related to the subject matter of opposing counsel's prior representation and opposing counsel had access to relevant privileged information in the course of his prior representation of Midland, Midland believes that disqualification is appropriate.

Further, it should be noted that Midland's contract with S&S provides that California law shall govern the relationship between the two entities regarding all matters arising out of or relating to the contract. California law requires the establishment of the first two factors set forth above, though not the third. Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc., Civ. No. 02CV0046-B(LAB), 2002 U.S. Dist. LEXIS 28406, at *10-*11 (March 21, 2002). Under either standard, however, Midland respectfully suggests that opposing counsel should be disqualified.

Respectfully,

Matthew B. Johnson

Cc (vie ECF): Mitchell L. Pashkin, Plaintiff's Counsel